UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BOYD WHITRIGHT,

        Petitioner,

v.

SCOTT P. FISHER,

        Respondent.

Civil No. 11-2557 (PAM/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.**    **BACKGROUND**

In 2005, federal criminal charges were brought against Petitioner in the United States District Court for the District of Montana. He was accused of violating federal

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

child pornography laws, and he ultimately pled guilty to one count of receiving child pornography. Petitioner was sentenced to 108 months in federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, challenging the length of his sentence. The Ninth Circuit Court of Appeals rejected Petitioner's sentencing arguments on the merits, and affirmed his conviction and sentence. United States v. Whitright, 200 Fed.Appx. 725 (9th Cir. 2006) (unpublished opinion).

In 2008, Petitioner filed a motion seeking relief from his conviction and sentence under 28 U.S.C. § 2255. In that motion, Petitioner contended that his conviction was void for lack of jurisdiction, because of his status as a Native American. The trial court judge found that Petitioner's § 2255 motion was untimely, and in any event, it was plainly without merit.[2] Petitioner sought further review of the trial court's ruling on his § 2255 motion, but he was denied a Certificate of Appealability by the trial court, and later by the Ninth Circuit Court of Appeals.

Petitioner commenced the present action on September 6, 2011. He is seeking a writ of habeas corpus under 28 U.S.C. § 2241 that would set aside his

---

[2] The original trial court record from the District of Montana is accessible to this Court by means of the Case Management – Electronic Case Filing system, or "CM/ECF," that is maintained by the federal courts. The trial court record in Petitioner's underlying criminal case includes the trial judge's ruling on Petitioner's § 2255 motion. The judge's decision clearly indicates that the motion was deemed untimely, and in addition, it presented no meritorious claim.

2005 child pornography conviction in the District of Montana. Although Petitioner has done a poor job of explaining his grounds for relief, it clearly appears that he is attempting bring several jurisdictional arguments that are similar to those that were raised and rejected in his previous § 2255 motion.[3] For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2005 Montana federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal

---

[3] The current petition lists five grounds for relief, but each claim is just a collection of vague sentence fragments – for example: "Committed depredation against defendant and Indians of Fort Peck Reservation by introducing contraband to Indian commerce." (Petition, 3A, "Ground Four," (1)). Petitioner has not presented a cogent explanation of the factual or

3

conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it clearly appears that Petitioner is challenging the validity of his conviction and sentence in his 2005 federal criminal case in the District of Montana. As far as the Court can tell, Petitioner is claiming that his conviction should be set aside, because he is not subject to the United States criminal code by reason of his status as an American Indian. However, § 2255's exclusive remedy rule precludes this Court from reviewing the validity of Petitioner's conviction unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive

---

legal basis for any of his claims.

4

remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the Petitioner has not obtained a pre-approval order from the Ninth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

In addition, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be

a § 2255 motion, and then transfer it to the trial court.

Moreover, it appears that Petitioner deliberately elected <u>not</u> to bring his current claims in a § 2255 motion, because he knows he is barred from seeking relief under § 2255. Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can seek relief under § 2241, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims under § 2241. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). <u>See also Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255,

6

there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise all of his current claims for relief on direct appeal, or in a timely § 2255 motion.

Indeed, it appears that Petitioner did raise most of his current arguments, (perhaps all of them), in his previous § 2255 motion. Those claims were rejected by the trial court judge, (see n. 2, supra), and they cannot be relitigated here. The Minnesota District Court has no legal authority to review the prior rulings of a co-equal district court, (not to mention the ruling of an appellate court on a subsequent

7

request for a Certificate of Appealability). See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court"). See also Lurie, 207 F.3d at 1077 (§ 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied"); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam).

If Petitioner is attempting to raise some new arguments that were not presented in his § 2255 motion, he has failed to adequately identify those new arguments, and – more importantly – he has failed to demonstrate that those arguments (whatever they might be) could not have been raised in his previous § 2255 motion. Petitioner cannot now contend that § 2255 is "inadequate or ineffective" for any new claims that were not presented in his prior § 2255 motion, simply because he failed to present those claims in the prior motion. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

8

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here for any of Petitioner's claims. He had an adequate procedural opportunity to raise his current claims for relief in his direct appeal and in his prior § 2255 motion, and he is therefore barred from bringing those claims under § 2241.

### III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for relief under § 2241 challenges the legality of his 2005 federal criminal conviction in the District of Montana; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse his from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 proceeding. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and this action must be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah

9

did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").[4]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: September 19, 2011       s/ *Jeanne J. Graham*
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 4, 2011**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[4] Petitioner apparently did not sign his petition, as required by Fed. R. Civ. P. 11(a). Instead, the petition purportedly was signed, (using Petitioner's name), by someone identified as "Patricia Whitright POA." The "POA" included on the signature line presumably is an abbreviation for Power Of Attorney, and is intended to signify that Petitioner has executed a formal Power of Attorney document that authorizes Patricia Whitright to act as his attorney-in-fact, and sign the current petition on his behalf. Ordinarily, the Court would require a formal Power of Attorney document to be filed, in order to verify that Petitioner has indeed authorized Patricia Whitright to sign his habeas corpus petition on his behalf. In this case, however, the Court finds no need to impose such a requirement, because (a) this case must be dismissed for lack of jurisdiction in any event, and (b) the dismissal of this case, by itself, will not have any adverse effect on Plaintiff's substantive legal rights and interests.